*394 OPINION.
Sternhagen :
The sole question to be decided is whether the taxpayer may now have, its 1920 income computed so as to reflect the deduction of the amount of $750,000 paid in 1923 to Harding, Tilton & Co. Counsel for the taxpayer, urges that the failure before October 1,1920, to furnish specifications of the yarn to be supplied under the contract constituted a breach of the contract; that by reason thereof the taxpayer was immediately liable for the damages sustained by Harding, Tilton & Co., and that the amount of such liability as finally determined by the parties and paid in 1923 may and should properly be deducted from gross income for the prior year 1920 in which such breach and resulting liability occurred. We are of opinion that upon the record before us the taxpayer has failed to sustain its jmsition. It is by no means clear that the mere failure to furnish specifications by October 1, 1920, constituted a definite breach of the three contracts. The time for actual performance of the purchase began January 3, 1921. In some jurisdictions an anticipatory failure to perform the precedent condition constitutes an actionable breach and in others no cause of action arises until the failure of performance of the principal obligation to receive and pay for the goods. (6 Ruling Case Law, 1023, 1026.) But even if anticipatory breach be recognized in the jurisdiction where these contracts were enforceable, the law is equally clear that the other party has the alternative of treating the anticipatory failure as a breach or awaiting a failure of the performance of the contract. In the latter event, “ he keeps the contract alive for the benefit of the other party as well as his own.” Id. The liability is uncertain, for the promisee must take reasonable steps to mitigate the damage, and hence there is the possibility that fortunate extraneous circumstances will relieve the promisor from any actual pecuniary liability. If, as in Roehm v. Horst, 178 U. S. 1, cited by counsel, the promisee chooses immediately to treat the failure as a breach and so notifies the promi-sor, he may sue at once; and his damage will be the difference between the contract price and the cost of performance.
But in the instant case, assuming, as we have said, that the law of the forum recognizes anticipatory breach as a ground for immediate action, we have no facts upon which we could properly conclude *395 that there was actual liability in 1920. There is nothing to indicate how the parties themselves looked upon the situation. The witness, who was secretary and sales manager of the taxpayer, had no knowledge of whether the taxpayer acknowledged liability at any time or whether such liability was asserted by Harding, Tilton & Co. before the suit in 1922. All that appears is that there were three contracts; that the taxpayer was asked for specifications at the alleged appointed time, which it failed to give; and that in 1922 a lawsuit was begun which resulted in settlement in 1923 for $750,000. From this meager skeleton of fact it is manifestly impossible for us to conclude that there was such a definite legal liability in 1920 as it might accrue at that time. The taxpayer itself did not regard itself as having incurred a liability or suffered a loss, for it took no account of the matter on its books and, indeed, as we understand, did not make any deduction or any mention of the situation on its original income and profits tax return.
This is unlike the situation of the Producers Fuel Co., 1 B. T. A. 202, which, when it refused to perform its contract, admitted its liability, made an offer in settlement, and before the close of the tax year entered the full amount of its ultimate liability upon its books and deducted it in its tax return. Both the fact of liability and a sufficient amount were actually accounted for and accrued in the year in question.
The taxpayer’s amended petition filed at the time of hearing pleaded its alternative right to assessment under the provisions of sections 327 and 328 of the statute. Since we now decide that it is not entitled to the deduction of the alleged loss in 1920, consideration should be given by the Commissioner to the application for special assessment. The appeal will be restored to the general calendar for further hearing upon the taxpayer’s right to special assessment or such aspects thereof as the parties are unable to agree upon.