Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff, the Malleable Iron Range Co. against the United States, to recover corporation and excess-profits taxes for the years 1918 and 1919, which it alleges have been erroneously and unlawfully assessed against it and which have been collected by the United States.
The plaintiff is and was at all the times hereinafter mentioned a duly organized and existing corporation under the *430 laws of the State of Wisconsin, and is a resident of that State, with its principal place of business at Beaver Dam therein. Its returns for income and excess-profits taxes were filed within the time required by law.
On January 1, 1918, a decree was entered by the United States District Court for the Eastern District of Wisconsin against the plaintiff in this cause in favor of Fred E. Lee, administrator of the estate of Arthur K. Beckwith, deceased, in the sum of $109,665.54. On February 25, 1918, the plaintiff herein gave notice of appeal of said cause to the United States Circuit Court of Appeals for the Seventh Circuit, and on March 16, 1918, its petition for appeal was filed. Thereafter said appeal was perfected, and the said cause was heard in the Circuit Coiirt of Appeals, and on March 15, 1920, the decree appealed from by the plaintiff herein was modified by the said Circuit Court of Appeals by raising the amount of the judgment of the lower court to the sum of $146,049.73, and as so modified was affirmed.
In the income and. excess-profits tax returns filed by it for the year 1918 the plaintiff deducted the amount of the said judgment and the interest which had accrued thereon during the year 1918 and the year 1919 deducted an additional amount of $29,028.67 to provide for a possible increase in final judgment and also the interest which had accrued on said judgment during the year 1919.
These deductions were not allowed by the Commissioner of Internal Revenue, as the liability of the plaintiff to pay the said judgment was not determined until March 15, 1920. The judgment as modified and affirmed by the Circuit Court of Appeals could not be deducted except for the year 1920, when it was ascertained and determined. By reason of this disallowance of the deduction for the year 1918 the net income of the plaintiff was increased, and additional taxes for the year 1918 in the sum of $33,023.86 and for the year 1919 in the sum of $925.85 were assessed against the plaintiff on June 30, 1921. On May 7, 1923, these additional assessments were paid under protest by the plaintiff. On August 23,1923, the plaintiff filed a claim for refund of the amount so paid, which claim was rejected by the commissioner on November 8, 1923.
*431 This case is governed by the provisions of the revenue act of 1918, 40 Stat. 1057.
“ Sec. 232. That in che case of a corporation subject to the tax imposed by section 230 the term ‘ net income ’ means the gross income as defined in section 233, less the deductions allowed by section 234, and the net income shall be computed on the same basis as is provided in subdivision (b) of section 212 or in section 226.
^ # H* ‡ H*
“ Sec. 212. (b) The net income shall be computed upon the basis of the taxpayer’s annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the commissioner does clearly reflect the income. If the taxpayer’s annual accounting period is other than a .fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.
“ Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
“(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise;
“ The term ‘ paid,’ for the purpose of the deductions and •credits under this title, means ‘ paid or accrued ’ or ‘ paid or incurred,’ and the terms c paid or incurred ’ and £ paid or accrued,’ shall be construed according to the method of accounting upon the basis of which the net income is computed under section 212.”
The Treasury Regulations., 1920 edition, provide as follows:
“Aet. 111. When charges deductible. — Each year’s return, so far as practicable, both as to gross income and deductions therefrom, should be complete in itself, and taxpayers axe expected to make every reasonable effort to ascertain the facts necessary to make a correct return. See articles 21-24 and 52. The expenses, liabilities, or deficit of one year can not be used to reduce the income of a subsequent year. A person making returns on an-accrual basis *432 has the right to deduct all authorized allowances, whether paid in cash or set up as a liability, and it follows that if he-does not within any year pay or accrue certain of his expenses, interest, taxes, or other charges, and makes no deduction therefor, he can not deduct from the income of the next or any subsequent year any amounts then paid in liquidation of the previous year’s liabilities. A loss from theft or embezzlement occurring in one year and discovered in another is deductible only for the year of its occurrence. Any amount paid pursuant to a judgment or otherwise on. account of damages for personal injuries, patent infringement, or-otherwise is deductible from gross income when the claim is put in judgment or paid, less any amount of such damages-as may have been compensated for by insurance or otherwise. If subsequently to its occurrence, however, a taxpayer first ascertains the amount of a loss sustained during a prior taxable year which has not been deducted from gross income, he may render an amended return for such preceding taxable year, including such amount of loss in the deductions from gross income, and may file a claim for refund of the excess tax paid by reason of the failure to deduct such loss in the original return. * *
It would seem plain from the foregoing that when there-is a question of whether or not there is any liability, no-amount can accrue until it is determined that a liability exists. When the amount in question is in litigation it can. not be determined until the litigation is ended. If any other rule were adopted it would inevitably result in confusion and there would be no certainty at any given time as to when, the liability should be allowed for. A good example is the-case at bar. In January, 1918, a judgment was rendered against the plaintiff for the sum of $109,665.56. In March,, 1920, that judgment was so modified by the higher court that it then amounted to the sum of $146,049.73.
When the plaintiff appealed the case it denied in effect the-liability, and certainly that liability did not accrue to it on. the date of the judgment in the lower court. The plaintiff' by its action in taking the appeal distinctly denied the liability.
The liability which is being claimed by the plaintiff in this-case is not a fixed liability. It was not determined at the-time when the plaintiff seeks to fix it as an accrual. For the-liability ivas contingent upon the action of the higher court,. *433 and until that action was taken there was no fixed liability which could be deducted under the internal revenue act of 1918. Until all the events occurred which fixed the amount to be deducted, and determined the liability of the taxpayer to pay it, there was no method by which the Commissioner of Internal Revenue could assess the amount of the tax.
Under the circumstances of the case we are constrained to deny the relief asked for by the plaintiff, and to dismiss its petition. It is so ordered.
Graham, Judge; Booth, Judge; and Campbell, OMef Justice, concur.