# APPEAL OF LANE CONSTRUCTION CORPORATION.

Docket No. 4518.    Decided September 27, 1926.

> The petitioner erected an obstruction in a public highway. One
> Emery drove his automobile into the obstruction and was killed.
> His executors brought suit to recover damages. The petitioner
> denied liability and appealed from the judgment of the lower court.
> *Held*, that the reserve set up before the final determination of
> the liability may not be deducted from gross income.

*Jonathan Grout, Esq.*, for the petitioner.
*R. P. Smith, Esq.*, for the Commissioner.

The petitioner has appealed from the Commissioner's determination of deficiencies in income and profits taxes for the years 1920 and 1921 in the amounts of $3,832.41 and $3,871.06, respectively. The error alleged is the disallowance of certain reserves as a deduction from income for the years in question.

### FINDINGS OF FACT.

The petitioner is a Connecticut corporation with its principal office in Meriden. It was engaged in road construction work in the State of Rhode Island. On June 25, 1920, one Emery, a resident of the Commonwealth of Massachusetts, while driving on a public highway, ran into an obstruction placed thereon by the petitioner and, as a result of the injuries thus received, subsequently died.

In the year 1920 suit was instituted to recover from the petitioner such damages as were sustained as the result of the death of Emery. Under the laws of Massachusetts, the recovery in actions of this sort was limited to $10,000. The laws of the State of Connecticut, and also of Rhode Island, permit the recovery of larger amounts.

In 1920 the petitioner set up on its books a reserve of $10,000 to cover its estimated liability. In 1921 it set up an additional reserve to cover its estimated liability.

In 1922 the case came on for hearing and the trial court determined that the laws of the State of Rhode Island were applicable as to damages, and the jury brought in a verdict for $131,000 as damages. The petitioner thereupon made a motion to set aside the verdict, which motion was denied, and thereafter an appeal was taken to the appellate court. In 1924, just before the case was called for argument in the appellate court, the petitioner compromised its liability and disposed of the litigation by the payment of $75,000 in cash.

The petitioner kept its books upon the accrual basis, but, although it set up the reserves as above set out, it did not at any time admit that it was liable in any sum by reason of the death of Emery.

OPINION.

GREEN: The question to be decided in this appeal is the year or years in which petitioner is entitled to a deduction, or deductions, as the result of the liability incurred, if any, on account of the death of Emery. The petitioner contends, first, that it should be allowed to take a loss over a period of years, or, second, that it be permitted to file an amended return for the year 1920 and take the entire loss in that year. The Commissioner contends that the loss is deductible only in the year 1924, which was the year in which the final settlement was made.

We are of the opinion that the liability resulting from the death of Emery was not such that the estimated amount thereof could be accrued in the year 1920. The liability was for a tort and had in it none of the elements of a contract liability. There was, and could be, no accurate measure of the damages until the jury brought in its verdict, and even then the verdict of the jury would be subject to the vicissitudes of motions for new trial, etc., and an appeal. The petitioner persistently denied its liability and vigorously defended the damage suit. In a situation where it is doubtful whether there is a liability and where the amount, if there be a liability, is wholly unascertainable, there can be no accrual.

The *Appeal of Producers Fuel Co.*, 1 B. T. A. 202, was not based upon a comparable set of facts. There the liability was based upon a contract which the taxpayer had deliberately broken. There the taxpayer admitted its liability and entered into negotiations for the settlement thereof before the close of the taxable year. There was no doubt as to the existence of the liability, and only the amount to be paid remained to be determined. The liability for which the taxpayer here seeks to set up a reserve was not a fixed and existing liability in 1920 or 1921, and accordingly the reserve set up can not be allowed as a deduction in the computation of income. See also the recent decision of the Court of Claims in the case of *Malleable Iron Range Co.* v. *United States*, 62 Ct. Cl. 425.

*Judgment for the Commissioner.*