## EMPIRE PRINTING & BOX CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7214.   Decided October 27, 1926.

The taxpayer is not entitled to a deduction in 1920 on account of breach of contract in that year.

*A. W. Clapp, Esq.,* for the petitioner.
*Ward Loveless, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for the calendar year 1920 in the amount of $335.86.

### FINDINGS OF FACT.

The taxpayer is a Georgia corporation with its principal office in Atlanta. During 1920 it entered into a contract with the Weston Paper & Manufacturing Co. of Dayton, Ohio, for straw paper to be delivered to the petitioner during the year 1920 at the price of $100 per ton. During the latter part of 1920 the taxpayer found itself overstocked with straw paper and the price had materially dropped. The taxpayer then refused to furnish the specifications

for more paper and refused to carry out the terms of the contract with respect to the acceptance of paper in so far as 48.7675 tons undelivered on the contract were concerned. From the latter part of 1920 until 1923 the taxpayer was negotiating with the Weston Paper & Manufacturing Co. with respect to its breach of contract. In 1923 the taxpayer paid $730.13 in full settlement of the contract and accepted the paper which it had refused to accept in 1920. The taxpayer did not admit or deny liability for the breach but threatened to stand suit on the contract rather than to pay any amount. No suit, however, was brought against the taxpayer.

The taxpayer's books and records were kept upon the accrual basis. No entry was made with respect to any liability on the contract until 1923, nor was any reserve set up with respect thereto.

#### OPINION.

TRAMMELL: The question involved in this proceeding is whether the taxpayer is entitled to a deduction in 1920 as an accrued liability on account of the breach of contract to take paper which it had agreed to take in that year. We have heretofore discussed the principle involved in the *Appeal of New Process Cork Co.*, 3 B. T. A. 1339, and the *Appeal of Bump Confectionery Co.*, 4 B. T. A. 50. In the latter case it is said:

We do not believe that the breach of contract, standing alone, under the circumstances here in question, furnishes the basis for an accrual of possible damages. With the breach there of course arises a cause of action by the injured party, which it may or may not see fit to pursue. Should it, for reasons of policy, or otherwise, not demand damages, the obligor may escape payment. Conceding that it may be proper to accrue any approximation, it is certainly essential that there be a recognized obligation to pay before one's right to accrue arises, and a mere liability to suit is not sufficient. Where the liability is denied and the injured party takes no action to compel payment, there is no basis for an accrual, and any amount set up on the books to take care of this liability would be in the nature of a contingent reserve which, as we have held in the *Appeal of Consolidated Asphalt Co.* 1 B. T. A. 79, is not permitted under the Revenue Acts.

Petitioner places its reliance on the *Appeal of Producers Fuel Co.*, 1 B. T. A. 202, but in that case there was an admission of liability within the taxable year and an actual accrual on the books. We believe the distinction vital and can not regard the *Producer Fuel Co. Appeal* as controlling. We have also pointed out in the *Appeal of New Process Cork Co.*, 3 B. T. A. 1339, the inapplicability of the reasoning of the Supreme Court in the case of *United States* v. *Anderson*, 269 U. S. 422, to a situation such as is here present. There the court was dealing with the deductibility of munitions taxes, which were measured by the profits made from the sale of munitions within the taxable year. The court found that the amount was susceptible of definite ascertainment at the close of the year and was a proper accrual within the year.

While the taxpayer was liable for the breach of contract, it had refused to acknowledge its liability until 1923. In 1920 it had no means of knowing whether it would ever be called upon to pay damages or not. While the Weston Paper & Manufacturing Co. could have brought suit, it did not do so. It could have waived enforcing any liability and the taxpayer would not have been liable to pay out any money under the contract unless the other party thereto required it to do so. There might have been considerations which would have induced the other party to the contract not to enforce any liability. In this respect the liability was contingent and not definitely known in 1920.

For the foregoing reasons, it is our opinion that the taxpayer is not entitled to any deduction with respect to the breach of contract in 1920.

> *Judgment will be entered for the Commissioner.*