GOPHER GRANITE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6631.   Promulgated January 26, 1927.

*Samuel Lipschultz, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

TRUSSELL: This is a proceeding for the redetermination of a deficiency in income and profits taxes for the fiscal year ended October 31, 1920, in the amount of $1,386.80.

The petitioner claims that the Commissioner erred in disallowing a deduction of $3,144.97, the same being the cost of exploring a certain tract of land for the purpose of developing a granite quarry, and in disallowing a deduction of $425, paid in settlement of petitioner's liability on certain corporate stock.

At the hearing counsel for the petitioner and counsel for the Commissioner, by agreement, read into the record a stipulation that the amount expended during the fiscal year in question in the development work was $3,144.97.

### FINDINGS OF FACT.

The petitioner is a corporation having its principal place of business at St. Cloud, Minn. It was organized in the year 1917 and has since that time been engaged in the business of making monuments.

On October 9, 1919, it entered into a lease with the wife of the president of the petitioner corporation, under which it undertook to explore and, if found practicable, to develop a granite quarry upon the leased premises.

Between November 1, 1919, and June, 1920, the petitioner expended for labor and equipment in the prospecting and exploring of the leased premises the amount of $3,144.97, to determine whether said premises contained granite of such commercial quality and quantity as would warrant the operation of a quarry and the production of granite of the character required by the petitioner in its business. Six hundred dollars of this amount was paid for the purchase of such equipment as was deemed necessary for use in the opening up of a granite quarry. Two thousand five hundred and forty-four dollars and ninety-seven cents was paid for labor and services for removing forest growth and uncovering the surface of the granite and placing two test holes. The result of the work up to this time demonstrated that the granite rock uncovered was of a character wholly unfitted for use in the petitioner's business, and the attempted development of a granite quarry was then, in June, 1920, abandoned. The equipment was moved to the yards of the petitioner's manufacturing plant and was sold piecemeal during the years 1920 and 1921, and the last of it was disposed of as junk in the year 1922.

At the time the petitioner corporation was organized it acquired $6,800 par value of the capital stock of the Sauk Rapids Granite Co., which latter company became bankrupt in 1919, and its receiver brought a suit against the petitioner to enforce the stockholders' liability. This suit was settled by the petitioner in 1922 by the payment of $425.

The sum of $2,544.97 is an allowable deduction from gross income for the fiscal year ended October 31, 1920.

The $600 paid for quarry equipment was a capital item in the year ended October 31, 1920, and no part of it is deductible for that year.

The $425 paid in settlement of a lawsuit in 1922 is not a deduction for the year 1920.

> *A redetermination in accordance with the foregoing findings of fact will be made on 15 days' notice, pursuant to Rule 50, and judgment entered accordingly.*