## APPEAL OF RUSSEL WHEEL & FOUNDRY CO.

Docket No. 2029.    Submitted October 1, 1925.    Decided April 3, 1926.

1. Where taxpayer claimed certain amounts to be due it from its debtors, the correctness of which claims was disputed by the debtors, and the debtors asserted other claims against taxpayer which were disputed by taxpayer, and taxpayer's claims were *bona fide* claims for goods sold or money advanced, *held* that a deductible loss of the difference between the amounts claimed and the amounts realized was sustained in the year in which compromises were effected.

2. Where accounts are improperly written off in prior years, they should be restored for the purpose of computing invested capital and determining the amount of the loss upon final settlement of the account.

3. When a final liquidating dividend is received from a corporation, a closed transaction results, and taxpayer is to account for the profit realized or loss sustained.

4. Invested capital for 1917, 1918, and 1919 determined under section 1207, Revenue Act of 1926, superseding decision in *Appeal of Guarantee Construction Co.*, 2 B. T. A. 1145.

*Edward McCarthy, Jr., Esq.*, and *E. M. Stradley, C. P. A.*, for the taxpayer.

*Robert A. Littleton, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

Taxpayer appeals from the determination of deficiencies in income and profits taxes for the fiscal years ending April 30, 1917, 1918, and 1919, in the sum of $13,630.40.

### FINDINGS OF FACT.

In 1912 taxpayer entered into a contract to deliver to the Washington-Detroit Theatre Co. all necessary steel for the erection of a theatre, such steel to be delivered within a specified time. Subsequently, changes were made in the building plans and differences arose between the parties in which each claimed that the other had violated the contract.

On April 7, 1913, taxpayer had upon its books of account charges against the Theatre Co. of $13,438.62, claimed by it to be due for materials delivered or prepared for delivery in connection with the construction of a building for the Theatre Co. The Theatre Co. disputed the correctness of the account and also asserted a claim against taxpayer for $50,000 for failure to perform the contract. In March or April, 1913, suit was brought by each of these parties

upon their respective claims. On April 30, 1915, the taxpayer charged off on its books $4,438.62 of this account. On April 29, 1916, it charged off $8,000, and on April 30, 1918, the remaining $1,000. At each of such dates the Theatre Co. was solvent and the amounts were charged off because taxpayer doubted whether judgment could be recovered against that company in view of the disputes between them. The amounts so written off were determined arbitrarily. In October, 1918, these two suits were settled by agreement between the parties, the taxpayer receiving $4,250, from which it paid attorney's fees of $750.

Upon its income-tax return for the fiscal year ending April 30, 1919, taxpayer claimed $9,938.62 (the difference between $13,438.62 and $3,500) as a deduction from its net income. In computing invested capital for the taxable years ending in 1917, 1918, and 1919, taxpayer did not deduct the sum of $13,438.62 or any part thereof. In computing the deficiency the Commissioner has disallowed the deduction claimed, and in computing the invested capital he has reduced the earned surplus in each year by $12,438.62, the portion of the account charged off prior to the beginning of the first fiscal year in dispute.

On April 30, 1918, the taxpayer had upon its books charges against the Nisqually-Russel Car & Locomotive Works in the amount of $16,099.49. This account had been open and active for about five years, during which time there had not been a settlement or account stated. The amounts so charged included money loaned, goods sold, goods shipped on consignment, and interest. The account was charged with further interest of $205.28 in October, 1918. Early in the history of the account differences had arisen between the parties as to the correctness of the balances, and at no time were they in accord or able to reconcile their differences.

On April 30, 1918, taxpayer charged off $4,024.87, being 25 per cent of the balance. At that time the debtor was solvent. In October, 1918, the Nisqually-Russel Car & Locomotive Works sold the major part of its assets to the Government, and in November it tendered to the taxpayer a check for $6,889.03 as full payment of its account. Issue was taken between the taxpayer and the Locomotive Works as to the amount due, which resulted in a further payment of $5,728.57 to the taxpayer in January, 1919. This amount was received as a compromise in full settlement of the account. From this taxpayer paid attorney's fees of $526.96, and on its books it charged off the balance, which it claimed as a deduction in its income-tax returns. This deduction was disallowed by the Commissioner.

In 1915 taxpayer acquired $5,000 par value of the capital stock of the Nisqually-Russel Car & Locomotive Works at a cost of $4,992.06.

During the fiscal year ending April 30, 1919, taxpayer received a liquidating dividend of $2,500. On April 30, 1919, there were no prospects that any further dividends would be paid, and taxpayer thereupon wrote off as a loss $2,492.06, which it claimed as a deduction upon its income-tax return. This loss was disallowed by the Commissioner. No further liquidating dividends were paid.

In computing invested capital for the fiscal year ending April 30, 1918, under the Revenue Act of 1917, the Commissioner deducted from earned surplus existing at the beginning of the year the amount of $25,176.27, and under the Revenue Act of 1918, the amount of $25,082.21, representing income and profits tax for the fiscal year ending April 30, 1917. The amount so deducted was computed by prorating the entire tax for 1917 from the date when it became due and payable. In a similar manner $35,826.21, a prorated portion of the income and profits tax for the fiscal year ending April 30, 1918, was deducted in computing invested capital for the fiscal year ending April 30, 1919.

OPINION.

PHILLIPS: It appears that in 1912 taxpayer entered into a contract to furnish steel for the erection of a theatre building. The plans for the building were changed, making unavailable for use certain steel fabricated by the taxpayer. Differences arose between the parties and each claimed a violation of the contract by the other. Suits were brought by the Theatre Co. for damages for delay in delivery and by the taxpayer for the amount claimed by it to be due. It appears that a part, at least, of taxpayer's claim was for steel not actually delivered but prepared for delivery prior to the change in plans. We are satisfied from the evidence that the claim asserted by the taxpayer was *bona fide* and that the compromise was the result of the suit for damages for failure to perform. It is our opinion that, in these circumstances, the taxpayer sustained a loss at the time of the compromise of the two suits in the amount of the account as carried upon its books. The amounts written off in prior years were, so far as the income-tax law is concerned, improperly written off and were not proper deductions from income in those years, either as losses sustained or debts ascertained to be worthless. The amount of the Washington-Detroit Theatre Co. account written off the books of the taxpayer prior to May 1, 1917, should be restored to invested capital and $9,938.62 allowed as a deduction from income for the taxable year ending April 30, 1919. *Appeal of George C. Peterson Co.*, 1 B. T. A. 690.

The situation with reference to the account with the Nisqually-Russel Car & Locomotive Works is similar to the Theatre Co. account and should be treated in the same manner. The taxpayer had advanced money and sold and consigned goods to that company and had charged interest on the account. Taxpayer's books were kept on an accrual basis, and presumably each of these items had entered into the computation of the income of the taxpayer in previous years. The debtor disputed the correctness of the charges and also claimed to be entitled to commissions upon goods sold on consignment. There was also the question as to whether certain goods sold by the Nisqually-Russel Co. were the property of that company or of the taxpayer. It was not until final adjustment of the account was made that the taxpayer could ascertain what would be realized from the account.

The taxpayer should also be allowed as a deduction for 1919 the loss of $2,492.06 sustained on the liquidation of its stockholdings in the Nisqually-Russel Car & Locomotive Works.

The taxpayer further alleges that the Commissioner committed error in reducing its invested capital for 1918 and 1919 by deducting from the invested capital at the beginning of the year the income and profits taxes for the preceding year, prorated from the date when each installment became payable. In the *Appeal of Guarantee Construction Co.*, 2 B. T. A. 1145, the Board decided that such a reduction of invested capital was not justified by the law. Since that appeal was decided, the Revenue Act of 1926 has become effective. That Act provides in section 1207 as follows:

Sec. 1207. The computation of invested capital for any taxable year under the Revenue Act of 1917, the Revenue Act of 1918, and the Revenue Act of 1921, shall be considered as having been correctly made, so far as relating to the inclusion in invested capital for such year of income, war-profits, or excess-profits taxes for the preceding year, if made in accordance with the regulations in force in respect of such taxable year applicable to the relationship between invested capital of one year and taxes for the preceding year.

The regulations which were in force at the time the Revenue Act of 1926 became effective, in respect of the taxable years here involved, provide:

For the purpose of computing invested capital federal income and war profits and excess profits taxes are deemed to have been paid out of the net income of the taxable year for which they are levied. * * * Amounts payable on account of such taxes for the preceding year may be included in the computation of invested capital only until such taxes become due and payable. A deduction from the invested capital as of the beginning of the taxable year must therefore be made for such taxes or any installment thereof, averaged for the proportionate part of the taxable year after the date when the tax

or the installment is due and payable. (Art. 845, Regulations 45, Revised January 28, 1921.)

The adjustment of invested capital made by the Commissioner by reason of the income and profits taxes for the preceding years was made in accordance with this regulation and must be approved, except as the amount of the deduction may be affected by a redetermination of these taxes in accordance with this opinion.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*