## APPEAL OF HARRIET COTTON MILLS.

Docket No. 6228.   Promulgated December 8, 1926.

1. TENTATIVE TAX COMPUTATION.—The Commissioner is without authority to reduce invested capital for any year by reducing current earnings applicable to dividends by a tentative tax computation. *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135, followed.

2. REDUCTION OF INVESTED CAPITAL BY PRORATED AMOUNT OF PREVIOUS YEAR'S INCOME AND PROFITS TAXES.—Reduction of invested capital by prorated amount of previous year's income and profits taxes made in accordance with existing regulations approved under section 1207, Revenue Act of 1926, and *Appeal of Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

3. REDUCTION OF INVESTED CAPITAL FOR THE YEAR 1920 BY AMOUNT OF ADDITIONAL INCOME AND PROFITS TAXES FOR THE YEAR 1918 ASSERTED AND ASSESSED IN THE YEAR 1921.—Income and profits taxes for the year 1918 were by law payable during the year 1919 and additional taxes for the year 1918 asserted and assessed in the year 1921, after the application of section 328 of the Revenue Act of 1918, became a liability as of the installment payment dates during 1919, and although the amounts of such additional taxes were not then known must be treated as an accrued liability on December 31, 1919, and must be deducted from invested capital for the year 1920.

*W. W. Spalding, Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the Commissioner.

The petitioner complains of a deficiency in income and profits tax for the year 1920 in the amount of $8,279.73.

FINDINGS OF FACT.

1. The petitioner is a North Carolina corporation with its principal office at Henderson.

2. In computing the petitioner's invested capital for the year 1920, the Commissioner set up a tentative tax liability of $61,336.90 for that year and reduced the net income available for dividends on September 1, 1920, by that amount and thereby reduced invested capital by $11,849.95, representing the alleged excess of dividends of $35,549.84 prorated from September 1 to December 31, 1920.

3. In computing the petitioner's invested capital for the year 1920, the Commissioner deducted $19,437.39 on account of income and profits taxes for the preceding year 1919 prorated in accordance with the installment payment dates.

4. Accompanying its income and profits tax-return for the calendar year 1918 the petitioner made application to have its profits taxes determined and adjusted under the provisions of section 328 of the

Revenue Act of 1918. This application was granted by the Commissioner and, after applying the provisions of said section 328, the Commissioner found an amount of tax liability for the year 1918 in excess of the amount originally paid in the sum of $48,925.07, and so advised the petitioner in a letter dated January 28, 1921. This amount of additional tax was assessed and paid subsequent to January 28, 1921.

5. The petitioner kept its books of account on the accrual basis, but did not set up any reserve to take care of income or profits taxes for any year, such taxes being reflected on the books only from date of payment.

OPINION.

TRUSSELL: 1. Whether the Commissioner may reduce the petitioner's invested capital for 1920 on account of a tentative tax liability set up for that year must be answered in the negative under the authority of the decision in the *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135.

2. The Commissioner's treatment of income and profits taxes for the year 1919, as affecting invested capital for the year 1920, appears to have been made in accordance with the regulations then in force, and under the provisions of section 1207 of the Revenue Act of 1926, and the *Appeal of Russel Wheel & Foundry Co.*, 3 B. T. A. 1168, the Commissioner's action must be approved.

3. The Revenue Act of 1918 provided that income and profits taxes under said Act should be paid in four installments during the year following the year for which the taxes were determined and assessed.

In those cases in which the profits tax is to be computed under the so-called relief sections, 328(b), paragraph 2, provides:

In cases in which the tax is to be computed under this section, if the tax as computed without the benefit of this section is less than 50 per centum of the net income of the taxpayer, the installments shall in the first instance be computed upon the basis of such tax; but if the tax so computed is 50 per centum or more of the net income, the installments shall in the first instance be computed upon the basis of a tax equal to 50 per centum of the net income. In any case, the actual ratio when ascertained shall be used in determining the correct amount of the tax. If the correct amount of the tax when determined exceeds 50 per centum of the net income, any excess of the correct installments over the amounts actually paid shall on notice and demand be paid together with interest at the rate of ½ of 1 per centum per month on such excess from the time the installment was due.

The latter part of the above paragraph requiring the payment of interest from the time the several installments were due seems clearly to establish that Congress intended that such additional income and profits taxes should be regarded as a debt due to the

Government from and after the dates when the original installments were due and payable. This petitioner kept its accounts upon the accrual basis. We are of the opinion that it was this petitioner's duty at the close of the year 1919 to accrue upon its books a tax liability equal to 50 per cent of the net income of the year 1918 whether that amount had been paid or not. Later, when the tax liability for the year 1918 was finally determined it was the duty of the petitioner to readjust its accrued tax liability in accordance with such final determination.

So far as the instant case is concerned, the question of accrued tax liability for the year 1919 is a closed incident, but the Board, having now before it the redetermination of the tax liability for the year 1920, will compute that liability on the basis that the total tax liability for 1918 had been accrued on the petitioner's books in the year 1919.

We are, therefore, of the opinion that the additional tax liability of $48,925.07 for the year 1918 was properly eliminated from the invested capital for the year 1920.

> *Redetermination of the deficiency will be made upon 15 days' notice under Rule 50, and judgment will be entered thereon in due course.*