APPEAL OF STEVENS & THOMPSON PAPER CO. (AND STEVENS & THOMPSON CO.).

Docket No. 3501. Promulgated January 26, 1927.

1. INVESTED CAPITAL.—The taxpayer's surplus at the beginning of each of the years under consideration was properly reduced by the prorated amount of the prior year's income and profits taxes computed according to existing regulations, and under the provisions of section 1207 of the Revenue Act of 1926.

2. INVESTED CAPITAL.—The taxpayer's surplus at the beginning of each taxable period was properly reduced by the amount of additional income taxes found to be due for the years 1913 to 1915, inclusive. *Appeal of Harriet Cotton Mills*, 5 B. T. A. 734, followed.

3. INVESTED CAPITAL.—Invested capital at the beginning of a fiscal year may not be reduced in determining the extent to which a dividend is paid from current earnings by a tentative tax theoretically set aside out of such earnings pro rata over the year. *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135, followed.

*J. R. Little, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the Commissioner.

The original petition in this case raised the issue as to whether the petitioner was, during the taxable years mentioned, affiliated with the Walloomsac Paper Co., which affiliation the Commissioner had denied. Shortly before the trial the petitioner filed an amended petition as a complete substitute for the original, abandoned its issue respecting affiliation, and set up only the contentions—

(1) That the Commissioner had erroneously reduced invested capital by the elimination of income and profits taxes due to be paid during the current year.

(2) That the Commissioner had erroneously reduced invested capital by reducing the amount of current earnings applicable to the payment of dividends by a so-called tentative tax computation.

The amended petition filed prior to the passage of the Revenue Act of 1926 was drawn with the apparent purpose of raising these two issues in respect both to the computation of deficiencies and the computation of overassessments covering the years and taxable periods from 1917 to a fiscal year ended June 30, 1920. In view of the provisions of the Revenue Act of 1926 limiting the jurisdiction of the Board only to those taxable years or periods in which deficiencies are asserted, the findings of fact hereinafter set forth are made to include only the essential facts relating to the computation of deficiencies for the fiscal year ended March 31, 1917, and the fiscal year ended June 30, 1919, and in respect to the issues as disclosed by amended petition. The amounts of the deficiencies asserted are for

the fiscal year ended March 31, 1917, $2,345.45, and for the fiscal year ended June 30, 1919, $34,266.26.

### FINDINGS OF FACT.

The Stevens & Thompson Paper Co. and the Stevens & Thompson Co. are corporations engaged in the manufacture of paper at North Hoosick, N. Y., both having been in business since prior to the year 1909. The deficiency letters, which are the basis of this proceeding, were dated February 20, 1925, and show the results of an audit of all the corporation excise, and income and profits-tax returns made by the petitioner and the Stevens & Thompson Co. for all the years and taxable periods from January 1, 1909, to June 30, 1920, and show various readjustments of invested capital for all or nearly all of said years and periods, resulting in additional corporation excise taxes against each of the companies for the years 1909 to 1912, inclusive, and additional income taxes for the years 1913 to 1916, inclusive. The total of such additional income taxes asserted against the two companies for those years are as follows:

| | |
|---|---:|
| 1913 | $183.73 |
| 1914 | 303.91 |
| 1915 | 187.86 |
| 1916 | 8.73 |
| Total | 684.23 |

The total of the corporation excise taxes asserted for the years from 1909 to 1912, inclusive, against the two companies is $1,853.83.

In computing the deficiency for the fiscal year ended March 31, 1917, the Commissioner reduced invested capital by the sum of the amounts of additional and prorated taxes as follows:

| | |
|---|---:|
| 1913 Additional income tax | $183.73 |
| 1914 Additional income tax | 303.91 |
| 1915 Total income tax prorated | 956.70 |

The Commissioner further reduced the invested capital for that period by eliminating $30,030.12 on account of a dividend paid April 30, 1916, arriving at the deduction by use of a tentative tax computation as follows:

| | |
|---|---:|
| Invested capital (tentative) | $906,203.03 |
| Net income for year (books) | 206,710.36 |
| Tentative tax | 13,629.23 |
| Available for dividends | 193,081.13 |
| Dividend paid April 30, 1916 | 41,876.47 |
| Amount of current earnings reduced by tentative tax available for dividends | 10,190.39 |
| Paid out of surplus | 31,686.08 |
| Prorated for 11 months | 30,013.75 |

In computing the deficiency for the fiscal year ended June 30, 1919, the Commissioner reduced invested capital on account of income taxes as follows:

| | |
|---|---:|
| Additional income tax for the year 1913 | $183. 73 |
| Additional income tax for the year 1914 | 303. 91 |
| Additional income tax for the year 1915 | 187. 86 |
| Prorated tax for the year 1918 | 3, 728. 58 |

## OPINION.

TRUSSELL: The Commissioner's action in reducing taxpayers' surplus at the beginning of the several periods here under consideration by the amount of the prior year's income and profits taxes appears to have been made in accordance with existing regulations, and under the provision of section 1207 of the Revenue Act of 1926 such reduction of invested capital must be approved.

The computations of additional income taxes for the years 1913 to 1915, inclusive, as made by the Commissioner, do not appear to be questioned or to be in any way in issue in this proceeding. We must therefore conclude that the amounts of such taxes were due and owing to the United States prior to the beginning of the taxable year ended March 31, 1917, and, following the rule laid down in the *Appeal of Harriet Cotton Mills*, 5 B. T. A. 734, we must hold that they were for that and each subsequent period here under consideration properly eliminated from invested capital.

We have heretofore held in the *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135, that in the computation of invested capital for any period the amount of current earnings applicable to dividends paid during such period may not be reduced by a tentative tax computation. In the instant case it appears that the consolidated net income for the period ended March 31, 1917, was $206,710.36; that under the rule of the *Ayers* case, *supra*, one-twelfth of that amount was current earnings applicable to the payment of dividends on April 30, 1916; that the total tax liability of these taxpayers for that period was found by the Commissioner to be $13,636.74. It is thus seen that the taxpayers' profits and income for the fiscal year were much more than sufficient to cover the amount of current earnings distributed in dividends on April 30, 1916, and the total tax liability for the full year. And, therefore, without discussing when income and profits taxes may be said to accrue, we are convinced that the rule in the *Ayers* case, *supra*, must govern in the instant case.

> *Order of redetermination will be made upon 15 days' notice, pursuant to Rule 50, and judgment entered in due course.*