SPANG-CHALFANT & CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10469. Promulgated December 23, 1927.

*Walter W. McVay, Esq.*, for the petitioner.
*George G. Witter, Esq.*, for the respondent.

OPINION.

LOVE: The petitioner's allegations of error will be discussed in the order in which they are above enumerated.

It is contended by the petitioner that it is entitled to deduct the amount of $25,000 paid to Mathieson in 1918, under the circumstances described in the findings of fact. In support of this contention it is urged that Mathieson was paid additional salary in that amount and that in view of the services rendered by him and of the business transacted by the petitioner, the total amount received by him is reasonable for services rendered and, therefore, deductible.

It may be remarked in passing that we should hesitate to hold that the total amount received by Mathieson in 1918 would be unreasonable compensation to him for that year. We are fully impressed with his great value to the petitioner, and of his business acumen, as disclosed by the record. However, we feel that we are not called upon in this instance to pass upon the question of reasonableness of a salary.

It seems that the petitioner has attempted to take two positions with respect to the same matter.

In its return for 1918, petitioner did not deduct the amount of $25,000 as additional salary to Mathieson. In fact, it is established by clear and uncontroverted proof that it deliberately refrained from deducting the amount, so that it would be reflected in taxable income, and a tax thereon was paid. It is further shown that this action was

taken designedly so that the amount of $25,000 paid pursuant to the resolution of January 15, 1918, would be unmistakably earmarked as a gift. The petitioner intended to make a gift of the amount in question and Mathieson accepted it as a gift. It is clear, therefore, that we can not make that salary which was not in fact salary, without resort to legal legerdemain. The intention of the parties having been clearly and unmistakably expressed with respect to the amount now claimed as a deduction, we must hold that amount not to be deductible.

The second assignment of error is to the effect that the Commissioner erred in determining the depreciation upon petitioner's equipment account. The evidence shows that the petitioner reported its account as of December 31, 1917–December 31, 1918, to be $1,475,-363.75 and claimed depreciation thereon in the amount of $147,536.39, which amount the Commissioner allowed. It seems, therefore, that the Commissioner allowed that which was claimed by the petitioner and that there was no error on his part, unless he had other figures at hand.

However, it is established that petitioner's equipment account as of December 31, 1918, was $1,528,558.73, resulting from additions thereto during the year of $53,194.98. It is clear that by using " straight line " depreciation on the basis of the opening account, the petitioner is allowed no depreciation on the amount of additions acquired during the taxable year and under the statute it is entitled to a deduction thereon. The rate of depreciation is not in dispute as both parties agree that 10 per cent is proper. We are of the opinion, therefore, that the equipment account at the beginning and the end of 1918 should be added together and divided by two, thereby creating an average of the account during the year and that the average so obtained should be depreciated at the rate of 10 per cent.

We are aware of the fact that the average of the equipment account thus obtained might not reflect with meticulous accuracy the exact amount of depreciation upon the respective items therein, but we believe that meticulous accuracy in such a case should not deprive the petitioner of the right to a depreciation deduction on assets acquired during the taxable year. The depreciation allowance on the equipment account should, therefore, be recomputed in accordance with the foregoing paragraph.

The third contention of the petitioner is that the Commissioner erred in disallowing the amount of $6,499.27 claimed as depreciation on certain tracks and that he further erred in determining the depreciation on office furniture to be $2,509.56.

There was insufficient evidence introduced to enable the Board to determine the life of the tracks in question and in the absence

thereof, we can only approve the Commissioner's determination. However, as to the depreciation on office furniture it appears that the Commissioner erred.

The furniture account shows the cost thereof to be $28,994.32. The petitioner claimed and the respondent allowed depreciation thereon in the amount of $2,509.56. Upon audit of the return, the rate of depreciation was fixed at 10 per cent but the deduction of $2,509.56 was unchanged. It is obvious therefore that the proper deduction is $2,899.43, a difference of $389.87 and accordingly taxable income should be reduced by that amount.

The fourth assignment of error relates to the action of the Commissioner in reducing invested capital for the year 1918 by deducting therefrom the income and profits taxes for the preceding year, prorated to the date when payable. The issue thus presented has been decided by the Board in *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168, wherein the Commissioner's action was approved and upon that authority it is approved herein.

The last assignment of error relates to the Commissioner's refusal to compute petitioner's tax liability for 1918 under the provisions of section 328 of the Revenue Act of 1918. In the absence of any evidence showing any abnormality with respect either to income or invested capital, the Commissioner's determination in regard thereto is approved.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by TRUSSELL, SMITH, and LITTLETON.