*662 OPINION.
G-Reen :
In disposing of the last three issues first, the second one is decided adversely to the petitioner, Appeal of Russel Wheel & Foundry Co., 3 B. T. A. 1168; the third one adversely to the respondent, Appeal of L. S. Ayers & Co., 1 B. T. A. 1135; and the fourth one has been taken care of by stipulation of the parties.
The remaining issue is whether the respondent erred in disallowing as a deduction from gross income for the year 1920 the amount qf $50,000 additional compensation, the payment of which to peti *663 tioner’s president, J ames C. Francosconi, was authorized at the meetings of the board of directors held on January 28, and June 9, 1920.
The respondent in his brief argues that by the very wording of the first resolution we should find that the first $25,000 was in fact an authorization of additional compensation as and for the year 1919, and that in any event the two bonuses of $25,000- each when added to the regular salary of $39,200 would exceed “ a reasonable amount for salaries or other compensation for personal services actually rendered ” allowable as a deduction under section 234(a) (1) of the Revenue Act of 1918. The reasonableness of the total compensation authorized and paid to the petitioner’s president has not been put at issue in these proceedings. The pleading with respect to this issue co’nsists of an allegation on behalf of the petitioner which was denied by the respondent in his answer. The petitioner alleges:
That the amount of $50,000.00 paid to the President for services rendered was authorized by the Board of Directors of the company as follows: At a meeting of such Board on January 28, 1920, the payment of $25,000.00 was authorized and at a meeting held on June 9, 1920 a further payment of $25,000.00 was authorized.
The answer set up no affirmative defense. The reasonableness of the salary was not questioned by the respondent prior to the time he filed his brief. Under such circumstances we fail to see where a discussion of the reasonableness of the compensation authorized and paid is at all proper.
We conclude that the additional compensation voted in January and June of 1920 was intended- as compensation for the year 1920. That results of prior years may have had some influence on arriving at the amount to be paid in 1920 does not of itself preclude the allowance of the deduction. Appeal of C. H. Simonds Co., 1 B. T. A 105. Appeal of Lihue Plantation Co., Ltd., 2 B. T. A. 740. We are. therefore, of the opinion that the respondent erred in refusing to allow the deduction as claimed. In view of our determination that the respondent erred in disallowing as a deduction from gross income the two bonuses of $25,000 each, and in view of the fact that the net income of the petitioner for 1920 as disclosed by the deficiency, letter was only $41,198.20, it is apparent that there is no deficiency for the year 1920. The petitioner has paid no Federal income or profits taxes for that year.
Reviewed by the Board.
Judgment will be entered on 15 days’ notice, under Rule 50.