SANITARY COMPANY OF AMERICA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10671. Promulgated February 23, 1928.

*S. Leo Ruslander, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

OPINION.

SIEFKIN: 1. The contention of the petitioner that the respondent erred in excluding from invested capital for the fiscal year ended November 30, 1919, income and profits taxes for the year ended November 30, 1918, has been decided adversely to the petitioner in *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168, and we must decide that issue for the respondent. See section 1207 of the Revenue Act of 1926.

2. On November 1, 1918, the petitioner acquired the plant, machinery, boilers, engines, materials, tools, equipment and fixtures of the Keystone Motor Manufacturing Co. and paid therefor $5,000 cash, $15,000 of its first mortgage bonds, $14,200 of its preferred stock and $7,100 of its common stock. Part of such property was resold, part was transferred to the plants of the petitioner for petitioner's use, and part of it was neither sold nor used. On July 18, 1918, the petitioner had made an inventory of all the property to be purchased, and the total value was stated at $30,593.75. A witness testified that no individual value was placed upon the items included in the sale, but that the purchase price of each item was calculated by increasing its inventory value in the proportion that the total inventory value bore to the total cost. The items which were on hand and which the petitioner transferred to its plants for its own use were placed upon the books at what were considered their true values, some higher, and some lower than the calculated cost, but the result of such valuation showed an increase in asset value of $887.95 over the calculated cost. On the books of the petitioner, among other

assets acquired, were some items totaling about $6,000, which were acquired after November 1, 1918. The summary of a statement submitted in evidence with regard to loss on sales is as follows:

| | |
|---|---|
| Amount at original inventory price | $30,507.34 |
| Purchase price calculated | 47,431.77 |
| Transfers to petitioners plants | 21,104.48 |
| Sales | 15,876.57 |
| Inventory | 639.13 |
| Profit or loss | 10,699.54 |
| Increase in asset value of items transferred and on inventory | 887.95 |

The calculated price includes freight and other expenses, and, when the items transferred and on hand are included at calculated cost, the statement shows a net loss on sales of $10,699.54. The method employed in arriving at the cost of each item is not satisfactory as some items may have increased in value between the time the inventory was taken and the purchase was made while others may not have increased. In the absence of evidence that each of the items increased in value proportionately, we are of the opinion that the inventory taken on July 18, 1918, is of no value in determining whether a loss was sustained, and the respondent's disallowance of this deduction is approved.

3. The petitioner contends that the respondent erred in excluding from invested capital for the taxable year ended November 30, 1919, an amount of $181,843.75 for good will and patents acquired for stock in 1910. On January 10, 1910, the petitioner issued $115,125 preferred stock for the plant value of the Mitchell & Van Meter Co., and $500,000 common stock for its good will and patents.

In 1917 the books showed a value assigned to good will of $60,118.75, and to patents of $121,725. No evidence was submitted as to the number and descriptions of the patents. Two or three of the patents and applications were stated by name, but no evidence was introduced as to their expiration dates. There was testimony that, among other assets, the petitioner obtained valuable sales connections from the Mitchell & Van Meter Co., and that after acquisition of these assets, customers sometimes called for M. and V. M. products. The petitioner continued to mark some of the products with the M. and V. M. Company name, and to advertise them as such. Some of the evidence indicates that the reason for such marking and advertising was partly because changing the cuts and patterns would have been expensive. None of the records of the Mitchell & Van Meter Co. were produced, and no evidence was submitted as to the earnings of this company. Thus the only evidence of the value of good will and patents concerns subsequent earnings. We have previously held that the value of assets acquired by a corporation for stock should be determined on the basis of facts known at the time of the acquisition,

or facts reasonably anticipated, and subsequent events or earnings, when reasonably anticipated, may be shown for the purpose of demonstration or corroboration of actually existing values. *Dwight & Lloyd Sintering Co.*, 1 B. T. A. 179; *J. J. Gray, Jr.*, 2 B. T. A. 672. Subsequent earnings can not, of themselves, prove value of good will at time of acquisition. *Wm. H. Jackson Co.*, 2 B. T. A. 411.

The respondent's disallowance of values for invested capital purposes, for good will and patents, is approved.

*Judgment will be entered for the respondent.*