NOLDE & HORST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9867.   Promulgated June 6, 1928.

*Oscar C. Pogge, Esq.*, and *H. F. Kantner, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

420

422

OPINION.

MURDOCK: The petitioner has alleged and proven certain facts relating to its tax liability for years other than those which are before us. We are concerned with the tax liability of other years only in so far as it affects the tax liability for the years 1920, 1921, and 1922, and we have no jurisdiction to determine whether or not the tax for any other taxable year has been overpaid or underpaid. Section 274 (g) of the Revenue Act of 1926.

The Commissioner was in error in subtracting a theoretical tentative tax from current earnings available for the payment of dividends and for the redemption or retirement of capital stock in his computation of invested capital. *L. S. Ayers & Co.*, 1 B. T. A. 1135. In so far as his action affects the tax liability of the years before us, this error must be corrected. The Commissioner is correct in his contention that when the stock was redeemed he should have reduced invested capital by $52,500.

The reduction of invested capital of a given year by the amount of prior years' taxes prorated from the dates when the installments were due was proper. See section 1207, Revenue Act of 1926, and *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

The evidence is entirely inadequate to show that the Commissioner committed any error with respect to an allowance for worthless debts or an addition to a reserve for worthless debts.

The Commissioner allowed deductions for exhaustion of the eleven patents owned by the petitioner on March 1, 1913, on the basis of the cost of those patents. The petitioner contends that a deduction

should have been allowed, based upon the value of those patents on March 1, 1913, which value was greatly in excess of cost. The evidence indicates that on March 1, 1913, the petitioner owned eleven patents which had a substantial value and which enabled the petitioner to realize profits on its product greatly in excess of the profits which it could have realized had it not owned these patents. One witness only expressed an opinion as to the value of these patents on March 1, 1913. He was an officer of the petitioner, but we have no reason to question the veracity of his testimony, or to doubt that he was giving us his honest opinion as to the value of the patents in question. We were favorably impressed by his qualifications to express an opinion as to the value of these patents and we attach considerable weight to that opinion. Data were also offered for certain mathematical calculations which, the petitioner claimed, supported the value contended for. We have no great confidence in these calculations. However, the respondent's cross-examination and direct evidence failed to weaken the petitioner's case and under the circumstances we are of the opinion that the value of the patents as a group on March 1, 1913, was $3,000,000. So far as we know, the parties are not in disagreement as to the method of computing the deductions for exhaustion of these patents.

*Judgment will be entered under Rule 50.*