746

STEUBEN COUNTY WINE CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 11035. Promulgated December 17, 1928.

*D. H. James, Esq.*, for the petitioner.
*J. L. Backstrom, Esq.*, for the respondent.

OPINION.

SIEFKIN: The petitioner contends that it comes within the provisions of section 327 (d) of the Revenue Act of 1918 and that it is entitled to special assessment. Section 327 (d) of the Revenue Act of 1918 provides:

That in the following cases the tax shall be determined as provided in section 328:

\*　　\*　　\*　　\*　　\*　　\*　　\*

(d) Where upon application by the corporation the Commissioner finds and so declares of record that the tax if determined without benefit of this section would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328. This subdivision shall not apply to any case (1) in which the tax (computed without benefit of this section) is high merely because the corporation earned within the taxable year a high rate of profit upon a normal invested capital, nor (2) in which 50 per centum or more of the gross income of the corporation for the taxable year (computed under section 233 of Title II) consists of gains, profits, commissions, or other income, derived on a cost-plus basis from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive.

The respondent disallowed petitioner's claim for deductions for obsolescence of good will due to prohibition legislation. We have held heretofore that the revenue acts preclude the allowance of deductions for obsolescence of good will. *Manhattan Brewing Co.*, 6 B. T. A. 952; see also *Red Wing Malting Co.*, 15 Fed. (2d) 626.

The respondent reduced petitioner's invested capital for the year 1919 by $216,952.23, representing inadmissible assets. In *Morris & Co.*, 1 B. T. A. 704, and *Clarence Whitman & Sons, Inc.*, 11 B. T. A. 1192, we held that no abnormality justifying special assessment exists merely by reason of statutory exclusion. Since the respondent's action in reducing invested capital and in disallowing a deduction for obsolescence of good will due to prohibition legislation was in accordance with the provisions of the statute, we must hold that there is no abnormality entitling petitioner to special assessment.

748

The petitioner also assigns as error the action of the respondent in reducing the invested capital of the petitioner at the beginning of the year 1919 by the amount of $66,740.40, the pro rata amount of the 1918 income and excess-profits taxes of petitioner payable in 1919. This action of the respondent must be upheld. See *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168.

*Judgment will be entered for the respondent.*