## APPEAL OF BUMP CONFECTIONERY CO.

Docket No. 451.  Submitted October 23, 1925.  Decided April 22, 1926.

A liability to respond in damages for breach of contract occurring in 1920, which taxpayer does not admit to the injured party and does not accrue on its books, is not a proper deduction for the taxable year in which the breach occurred.

*E. H. Grimm, Esq.*, for the taxpayer.
*Briggs G. Simpich, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

The Commissioner has determined a deficiency in income and profits taxes for the year 1920 in an amount less than $10,000.00. The deficiency arises from the refusal of the Commissioner to permit the petitioner to deduct from its income for the year 1920 an amount paid in settlement of a suit for breach of contract, on the ground that such amount was neither paid nor incurred within the taxable year.

### FINDINGS OF FACT.

The petitioner is an Illinois corporation and is now and was during 1920 engaged in the confectionery business at Anna.

During the month of June, 1920, it entered into a contract or contracts with the American Sugar Refining Co. of New York for the purchase of three carloads of sugar at 22½ cents per pound, deliveries to be made one carload each in August, September, and October of 1920. Between the date of the contracts and the time of the delivery of the first carload, sugar had taken a sudden and substantial drop in price. During this period the petitioner attempted to cancel its order for August delivery, but the American Sugar Refining Co. declined to release it from its contract and made shipment. The petitioner then refused to accept delivery. Thereafter, and within the year 1920, the sugar was sold by the consignor for the account of petitioner.

Petitioner also made an effort to cancel its order for the two carloads of sugar that were to be shipped in September and October. On September 8, 1920, the American Sugar Refining Co. definitely advised the petitioner that it could not accede to the request to cancel the contracts. These two carloads of sugar, however, were not in fact shipped, but in each instance the petitioner was advised of the intention of the American Sugar Refining Co. to hold it liable for failure to fulfill its obligations. Thereafter, and during the year 1920, repeated efforts were made by the American Sugar Refining Co. to secure a settlement of its claims against the petitioner, and to that end negotiations took place between representatives of both parties; on December 31, 1920, no definite settlement had been reached, and in January, 1921, the American Sugar Refining Co. instituted suit against petitioner for $30,000 damages by reason of the breach of contract.

In October, 1921, a compromise settlement was reached, based on the ability of petitioner to pay rather than upon the damage suffered by the American Sugar Refining Co. by reason of the breach of contract. The amount determined upon was $11,000. Settlement was made by the payment of $1,500 in cash and the giving of 36 notes, one due each month for three years.

The petitioner did not enter on its books during the taxable year any amount covering the estimated damages, nor did it admit to the consignor any liability for damages due to the breach. No deduction was taken in its original income-tax returns in respect of this transaction. The petitioner's books were kept on the accrual basis.

OPINION.

ARUNDELL: The petitioner urges its right to take as a deduction in its income-tax return for 1920 the amount of damages incurred by breaching its contracts with the American Sugar Refining Co. That the contracts were breached in 1920 is unquestioned. The petitioner could not accept delivery of the shipments and remain solvent, and it therefore deliberately chose to break its contracts, knowing full well that to do so would make it liable in damages for the breach. It did not, however, during the taxable year, admit its liability to the consignor, or enter on its books an estimate of the damages due. Negotiations looking toward settlement were carried on during 1920 without success, and in January, 1921, suit was instituted in which damages were asked in the sum of $30,000. In October, 1921, a settlement was reached, based on the capacity of petitioner to pay.

We do not believe that the breach of contract, standing alone, under the circumstances here in question, furnishes the basis for an accrual of possible damages. With the breach there of course arises a cause

of action by the injured party, which it may or may not see fit to pursue. Should it, for reasons of policy, or otherwise, not demand damages, the obligor may escape payment. Conceding that it may be proper to accrue any approximation, it is certainly essential that there be a recognized obligation to pay before one's right to accrue arises, and a mere liability to suit is not sufficient. Where the liability is denied and the injured party takes no action to compel payment, there is no basis for an accrual, and any amount set up on the books to take care of this liability would be in the nature of a contingent reserve which, as we have held in the *Appeal of Consolidated Asphalt Co.*, 1 B. T. A. 79, is not permitted under the Revenue Acts.

Petitioner places its reliance on the *Appeal of Producers Fuel Co.*, 1 B. T. A. 202, but in that case there was an admission of liability within the taxable year and an actual accrual on the books. We believe the distinction vital and can not regard the *Producers Fuel Co. Appeal* as controlling. We have also pointed out in the *Appeal of New Process Cork Co.*, 3 B. T. A. 1339, the inapplicability of the reasoning of the Supreme Court in the case of *United States* v. *Anderson*, 269 U. S. 422, to a situation such as is here present. There the court was dealing with the deductibility of munitions taxes, which were measured by the profits made from the sale of munitions within the taxable year. The court found that the amount was susceptible of definite ascertainment at the close of the year and was a proper accrual within the year. In the case before us the sugar was never received; consequently none of the income for the year was derived from its sale or disposition and there was no necessary relationship between the income for the year and this transaction making necessary its accrual to clearly reflect the income of petitioner. We believe the Commissioner's determination is correct, and so find.

> *Order of redetermination will be entered on 10 days' notice, under Rule 50.*

On reference to the Board, PHILLIPS dissents.