THORNE, NEALE & CO., INC., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 12491.    Promulgated September 24, 1928.

*Sanford Robinson, Esq., P. Truman Henson, Esq.,* and *William E. McCall, Esq.,* for the petitioner.

*Harold Allen, Esq.,* for the respondent.

OPINION.

Smith: It is the contention of the respondent herein that petitioner became liable to demurrage charges of $31,336.96 in 1919, and that in making its return for that year it should have deducted from gross income that amount as an ordinary and necessary expense of doing business; that the demurrage bills were in accordance with the law and regulations of the Interstate Commerce Commission; and that the petitioner had no reasonable ground for questioning the correctness of them. The petitioner contends, on the other hand, that it had good ground for contesting the demurrage charges; that the basis of such ground was the opinions of expert counsel; and that in point of fact the Interstate Commerce Commission modified the determinations of the railroad companies and reduced the demurrage payable to the amount of $28,901.38.

The net income of a corporation under the Revenue Act of 1918 is to be determined in accordance with the provisions of section 232 of the Act, which specifies that the term " net income " means the gross income defined in section 233 less the deductions allowed by section 234 " and the net income shall be computed on the same basis as provided in subdivision (b) of section 212 or in section 226." Section 212 (b) provides:

The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; * * *

Petitioner admittedly kept its books of account upon the accrual basis. The respondent argues from this fact that it was necessary for it to charge itself with the demurrage which had been asserted against it by the several railroad companies which, during the year 1919, had transported coal for it.

Many decisions have heretofore been rendered by this Board as to the circumstances under which a taxpayer keeping its books upon an accrual basis must accrue a liability in the year in which the transaction occurred out of which the liability arose, and as to the circumstances under which a taxpayer must accrue it only in the year

when the liability is finally determined, either with or without court adjudication. Each of these cases turns on its own facts and circumstances. The sound rule established is that where the taxpayer acting in good faith disputes the liability and does not enter the item as a liability as of the year in which the transaction occurred out of which the liability arose the taxpayer can not take the deduction in that year but must take the deduction when the liability is finally determined or admitted. In *McCabe Lathe & Machinery Co.*, 9 B. T. A. 1137, we held that the deduction involved in that case must be taken in the year when the transaction arose. This was upon the ground that the taxpayer had no sound reason to dispute the liability in the earlier year. In that case we said:

> * * * In the same manner compensation for services is to be deducted in the year in which the liability arose and the date of accrual may not be postponed by the debtor by disputing either the liability or the amount thereof.

We think it is clear that there is no election in a taxpayer to shift at his convenience the year in which the deduction for expenses must be taken merely by disputing the liability where there is no reasonable ground to deny liability. It does not follow, however, that where a taxpayer in good faith and on reasonable grounds disputes the liability he must nevertheless charge himself with the liability on his books and render tax returns accordingly. A taxpayer operating a large number of trucks in a populous city might have many claims filed against it for damages both to the person and to property. Some of these claims may be entirely groundless. We think it can not be maintained that merely because the taxpayer may be subject to a liability on some of these claims he should charge himself with a liability prior to the date the amount thereof is actually ascertained. In *Great Northern Railway Co.*, 8 B. T. A. 225, we had before us the question as to whether a railroad company keeping its books of acount on the accrual basis should be required to return as a part of its gross income interest upon bonds owned by it where the debtor corporation did not pay the interest during the taxable year and in all probability never would be able to pay it. It was noted that under the requirement of the Interstate Commerce Commission interest accrued on funded securities could not be credited to income account prior to actual collection " unless its payment is reasonably assured by past experience, guaranty, anticipated provision, or otherwise." We held that in such case the petitioner was not required to accrue interest upon the funded securities and pay income tax upon such interest. The mere fact that the petitioner kept its books upon an accrual basis did not require it to accrue as income that which in truth and in fact was not income.

The rule enunciated in *Great Northern Railway Co., supra*, is equally applicable here. In *United States* v. *White Dental Mfg. Co.*, 274 U. S. 398, the taxpayer claimed the right to deduct as a loss the seizure of property by the German Alien Property Custodian. The Commissioner denied the right to take the loss at the time the seizure was made. The Supreme Court, in sustaining the taxpayer, pointed out that the regulations consistently with the statute contemplated that a loss may become complete enough for deduction without the taxpayer establishing that there is no possibility of an eventual recoupment.

A taxpayer is entitled to report income for taxation on the same sound business judgment on which he keeps his books for business purposes. If in good faith he does not recognize a claim as a valid claim against him it is not an accrued liability. To hold that every liability asserted against a taxpayer and independently of whether it was reasonably based, must be taken as a deduction from income of the year when asserted, would lead to just as impossible results as would result from allowing a taxpayer, merely by questioning an undisputed liability, to shift at his election the year in which the deduction may be taken.

The Board has held in numerous cases that the deduction for a liability must be taken in the year when the liability was determined. *Brighton Mills*, 1 B. T. A., 392; *New Process Cork Co.*, 3 B. T. A. 1339; *Bump Confectionery Co.*, 4 B. T. A. 50; *Hamler Coal Co.*, 4 B. T. A. 947; *Lane Construction Corporation*, 4 B. T. A. 1133; *Empire Printing & Box Co.*, 5 B. T. A. 203; *Nice Ball Bearing Co.*, 5 B. T. A. 484; *Providence Coal Mining Co.*, 5 B. T. A. 1179; *Farmers National Bank of Rome, N. Y.*, 6 B. T. A. 1036; *Frank J. Jewell*, 6 B. T. A. 1040; *Lynchburg Colliery Co.*, 7 B. T. A. 282; *Hidalgo Steel Co.*, 8 B. T. A. 76. In all of the above cases the taxpayer disputed liability and the Board ruled that the deduction must be taken in the year when the liability was determined and not in the year when the transaction occurred, the dispute of the liability being reasonable, although in some of the cases the taxpayer had entered the liability on its books of account. See also *Consolidated Tea Co.* v. *Bowers*, 19 Fed. (2d) 382.

We are of the opinion that there was no accrued liability on the part of petitioner in 1919 with respect to demurrage charges which had been made against it. The Interstate Commerce Commission held in 1920 that petitioner was liable to demurrage charges in the amount of $28,901.38. Such demurrage charges were paid in 1920. We think that they accrued in that year within the meaning of the

statute and that the amount paid is a legal deduction from gross income of 1920.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MARQUETTE agrees with the result.

PHILLIPS dissents.