LEPMAN BROS. CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104815. Promulgated November 21, 1941.

*Harry Thom, Esq.,* for the petitioner.
*Jonas M. Smith, Esq.,* for the respondent.

## OPINION.

Tyson: The parties are in agreement that a loss represented by a "stockholders liability" such as is here involved is deductible under section 23 (f) of the Revenue Act of 1936[1] in the year in which the

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :·

 \*  \*  \*  \*  \*  \*  \*

(f) LOSSES BY CORPORATIONS.—In case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise.

amount of such loss is paid, if the taxpayer is on the cash basis, or in the year in which such loss is definitely determined and properly accrued, if the taxpayer is on the accrual basis. The petitioner's stockholders' liability was not paid during the taxable year, but its net income was computed on the accrual method of accounting and therefore the only question presented in this proceeding, is whether the petitioner's stockholders' liability actually "accrued," within the meaning of sections 43 and 48 of the Revenue Act of 1936,[2] during its fiscal year ended May 31, 1938.

Petitioner contends that on August 1, 1937, when the appeal period lapsed with no appeal having been taken by it, the District Court's decree of May 1, 1937, as to petitioner's liability for payment of $9,400 with interest thereon became final as to it, notwithstanding that court's order of June 9, 1937. Petitioner further contends that it incurred its stockholders' liability and accrued the same on its books during the taxable year and that the District Court's order of June 9, 1937, merely provided for a possible future refund to it of the amounts so accrued and paid to the receiver subsequent to the taxable year.

Respondent contends that petitioner's stockholders' liability remained contingent throughout its fiscal year ended May 31, 1938, and thus was not incurred and was not properly accruable during that year, on the ground that, while petitioner did not file an appeal, the final result of the appeals taken by its codefendants ultimately fixed and determined petitioner's actual liability in a subsequent year, pursuant to the provisions of the District Court's order of June 9, 1937; and respondent further contends that this final result was the denial of certiorari by the Supreme Court on October 9, 1939.

In *Brown* v. *Helvering*, 291 U. S. 193, a deduction claimed for amounts which were alleged to have been incurred and were accrued on the taxpayer's books as a liability for refunds of commissions which it was required to make in the event of probable future cancellations of insurance policies, was denied because the *liability* "was not fixed and absolute", but instead remained contingent during the taxable year.

Under the principle established in the *Brown* case, *supra*, the petitioner can prevail in the instant proceeding only upon a showing

---

[2] SEC. 43. PERIOD FOR WHICH DEDUCTIONS AND CREDITS TAKEN.

The deductions and credits * * * provided for in this title shall be taken for the taxable year in which "paid or accrued" or "paid or incurred", dependent upon the method of accounting upon the basis of which the net income is computed, * * *

SEC. 48. DEFINITIONS.

When used in this title—

\* \* \* \* \* \* \*

(c) PAID, INCURRED, ACCRUED.—The terms "paid or incurred" and "paid or accrued" shall be construed according to the method of accounting upon the basis of which the net income is computed under this Part.

that its stockholders' liability was not contingent but became "fixed and absolute" during the taxable year, and in our opinion such a showing has not been made.

The petitioner and others denied a stockholders' liability asserted against them under Illinois Statutes as the respective owners of the stock of a bank which had failed. Petitioner and its codefendants contested the suit brought to impose that liability against them in the District Court and that court, on May 1, 1937, decreed that those defendants, including petitioner, were liable, respectively. The petitioner did not file an appeal, but prior to the lapse of its appeal period the District Court, on June 9, 1937, entered an order extending certain rights to all the defendants, including petitioner, in connection with the decree theretofore entered.

The court order of June 9, 1937, was entered upon the petition of the receiver, with the consent of the plaintiff, Reconstruction Finance Corporation, and without objection by any defendant in that cause, and it was acquiesced in by petitioner. Petitioner, as a defendant before the District Court, was a party to and was affected by the terms of that order. Pursuant thereto, petitioner had the right to and, subsequent to the taxable year, did make payment to the receiver, who was directed to hold such funds during the pendency of appeals by any of the defendants. The funds in the hands of the receiver guaranteed payment to the plaintiff, Reconstruction Finance Corporation, in the event of affirmance by higher courts and also guaranteed a return to the respective defendants of the payments made by each of them in the event of a reversal. Also pursuant to the court order of June 9, 1937, the final decision in that cause by the appellate courts was to determine the ultimate liability of all of the original defendants before the District Court, including petitioner and others who did not file appeals. During the pendency of the appeals taken and until the United States Supreme Court's denial of a writ of certiorari on October 9, 1939, it was not known that there would be any liability of petitioner on account of the bank stock owned by it and, accordingly, we hold that the liability was contingent and not properly accruable during the fiscal year ended May 31, 1938. Cf. *North American Coal Corporation*, 28 B. T. A. 807, 848–851, and authorities cited therein.

The petitioner cites *Pittsburgh Hotels Co.* v. *United States*, 63 Ct. Cls. 475; certiorari denied, 275 U. S. 546, as a closely analagous case, but it is clearly distinguished from the instant proceeding. There, the Hotels Co. was billed for public utility services, under the new tariff of a public utility company increasing its rate schedule above the rates provided for in an unexpired contract between it and the Hotels Co., and the Hotels Co., while actually paying only the

contract rates, accrued the higher rates on its books as a liability for the year 1919 there in question. Another taxpayer, Frick, had a similar contract with the public utility company and brought suit contesting his liability for the increase in rates which was terminated in 1925 adversely to Frick. The Hotels Co. claimed a deduction for its accrued liability (difference between its contract rate and the higher rate at which it was billed) and the Commissioner disallowed the item as a legal deduction. The court held that the liability of the Hotels Co. was fixed in the taxable year there involved and was a proper accrual for that year. In reaching its conclusion the court pointed out that the Hotels Co. was not a party to the proceedings brought by Frick and that the utility was free at all times to enforce collection from the Hotels Co. without awaiting a termination of the proceedings by Frick. The court further said that the Commissioner had allowed the Hotels Co. a similar deduction for the subsequent years 1920 and 1921 and there appeared no ground for a different treatment for 1919.

We hold that the respondent did not err in disallowing the claimed deduction of $9,909.17 as an accrued liability for the petitioner's fiscal year ended May 31, 1938.

*Decision will be entered for the respondent.*