GUY T. GIBSON, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102189.  Promulgated April 28, 1942.

*Clifford H. Rich, Esq.*, and *Kenneth Carroad, Esq.*, for the petitioner. *George E. Gibson, Esq.*, for the respondent.

OPINION.

MELLOTT: This proceeding, involving a deficiency in income tax for the calendar year 1936 in the amount of $921.41, was submitted upon a stipulation of facts and the testimony of one witness. The sole question is whether the respondent erred in disallowing a deduction of $11,181.55. The stipulated facts are found accordingly and may be summarized. Appropriate findings will be made from the evidence adduced.

Petitioner, a New York corporation, is an importer and wholesaler of perfumeries. Its books are kept and its returns of income are made upon an accrual basis. Its return for the taxable year was filed with the collector of internal revenue for the third district of New York.

During 1929 and 1930 petitioner imported perfumeries from France, paying customs duties thereon on the basis of the "entered value", which was the price at which they were invoiced to it. From April 4, 1926, to April 26, 1930, there was in effect in France a so-called "luxury" tax of 12 percent on perfumeries. This tax was not levied upon exported perfumeries and was not an item of cost of the perfumeries to petitioner.

The Tariff Act of 1922 (42 Stat. 949) defines "foreign value" and "export value" of imported merchandise and the ad valorem duty is imposed upon "whichever is higher." "* * * During the first three years of the life of the [French] Act of 1926 our [i. e. the United States] appraising officers did not include the tax in the appraised value [of perfumeries imported from France]. Beginning about June 1, 1929, however, they began to include it and continued so to do until April 26, 1930, when the French Act of 1926 was repealed * * *." *Veolay, Inc.* v. *United States* (June 10, 1935), 23 C. C. P. A. 101; certiorari denied (Feb. 17, 1936), 297 U. S. 711.

In order to determine whether the inclusion of the French "luxury" tax in the appraised value of perfumeries between June 1, 1929, and April 26, 1930, was proper, a test case (*Veolay, Inc., supra*) was carried through the courts. The courts held that the "foreign value" of the perfumeries, including the tax, was the basis upon which the ad valorem duties were to be assessed.

In January, February, and March 1935, after an appellate division of the Customs Court had determined that the "foreign value", including the 12 percent tax, should be used, but before the question had been passed upon by the Court of Customs and Patent Appeals, the collector of customs determined that additional duties in the amount of $11,181.55 were due from petitioner on the perfumeries imported by it in 1929 and 1930. The determination resulted from the inclusion of the French "luxury" tax in the appraised value of the perfumeries. The amount was paid to the collector during January, February, and March 1935; but because of the pendency of the test case, the additional payments were made under "duress" pursuant to § 503 of the Tariff Act of 1930.[1]

In addition to the test case referred to above, petitioner filed a separate reappraisement action in the United States Customs Court on August 5, 1935, alleging that the French "luxury" tax should not have been included in the appraised value of the perfumeries imported by it from France in 1929 and 1930. Subsequent to the denial of certiorari by the Supreme Court in the test case petitioner abandoned its reappraisement action and on November 9, 1936, the Customs Court entered an order affirming the appraised value.

During 1935 petitioner debited the sum of $11,181.55, paid as aforesaid, as additional customs duties to an account on its books

---

[1] Sec. 503 (b), Tariff Act of 1930:

ENTRIES PENDING REAPPRAISEMENT.

If the importer certifies at the time of entry that he has entered the merchandise at a value higher than the value as defined in this chapter because of advances by the appraiser in similar cases then pending on appeal for reappraisement, * * * and if the importer's contention in such pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement, and if it shall appear that such action of the importer * * * was * * * in good faith, the collector shall liquidate the entry in accordance with the final appraisement.

entitled "Duty." The account was adjusted as of December 31, 1935, by a credit in the amount of $11,181.55, which amount was transferred as of the same date to the debit side of a newly formed account entitled "U. S. Treasury." This item of $11,181.55 was listed as an asset entitled "Duty paid under Protest" on the balance sheet of December 31, 1935, submitted with petitioner's 1935 Federal income tax return. No deduction was taken in 1935 on petitioner's books or in its Federal income tax return for that year for the additional duties paid in the amount of $11,181.55. Said additional duties were not reflected by any entries on petitioner's books or in any Federal income tax return prior to the year 1935.

The above mentioned "U. S. Treasury" account was eliminated as of December 31, 1936, by a credit in the amount of $11,181.55 and a corresponding debit to the profit and loss account as of the same date.

Petitioner deducted the sum of $11,181.55 on line 25 (c) of its Federal income tax return for the calendar year 1936 as "additional duty paid under protest—claim for refund abandoned." This deduction was disallowed by the Commissioner of Internal Revenue in his notice of deficiency dated January 19, 1940.

In addition to the stipulated facts and based upon the testimony adduced at the hearing, it is found that through the years 1929 to 1936, inclusive, petitioner treated customs duties as a part of the cost of merchandise purchased, including in the inventory at the beginning and end of each year, the duties on the merchandise then in it, the unpaid duties being set up on its books as a liability. In preparing its income tax returns petitioner included, as a part of the cost of goods sold, the duties applicable to the merchandise sold during the year. The amounts so claimed and deducted were: in 1929, $58,768.51; in 1930, $67,125.59; in 1935, $28,582.10; and in 1936, $14,095.80. The amounts presently in issue were not included in any of the above amounts; but the original duties, i. e., the aggregate of the duties paid in 1929 and 1930 upon the declared value, were reflected in the cost of goods sold to the extent of the goods sold.

Under article 23 (c)–2 of Regulations 94 [2] duties may be deducted as taxes or they may be added to and made a part of the expenses of the business or the costs of the merchandise with respect to which they are paid. No duplication of deduction, however, will be permitted. *Pathe Exchange, Inc.* v. *Commissioner,* 77 Fed. (2d) 306.

Respondent contends that the claimed deduction of $11,181.55 rep-

---

[2] ART. 23 (c)–2. *Federal duties and excise taxes.*—Import or tariff duties paid to the proper customs officers, and business, license, privilege, excise and stamp taxes paid to internal revenue collectors, are deductible as taxes imposed by the authority of the United States, provided they are not added to and made a part of the expenses of the business or the cost of articles of merchandise with respect to which they are paid, in which case they can not be separately deducted. (See article 23 (a–1.)

resenting additional customs duties paid in 1935 on merchandise imported during the years 1929 and 1930 must be disallowed for the reason that such duties were accrued and paid prior to the taxable year 1936. He points out that the Tariff Act of 1922 (42 Stat. 858) imposes duties at the rates in effect at the time the merchandise is imported; that duties upon imported merchandise accrue on arrival of the importing vessel within a customs port with intent to unlade (Art. 275, Customs Regulations), *Meredith* v. *United States*, 38 U. S. 486; *United States* v. *Ehrgott*, 182 Fed. 267; *United States* v. *Sandoz Chemical Works*, 14 C. C. P. A. 21; that duties are deductible as taxes (art. 23 (c)-2, Regulations 94) and the same principles should be applied in determining their deductibility; that the courts and this Board have uniformly held taxes accrue when all of the events have occurred determining the liability for the tax and the amount thereof, *United States* v. *Anderson*, 269 U. S. 422; *Red Wing Potteries, Inc.*, 43 B. T. A. 841; that a court action to determine the value at which the property is to be assessed does not have the effect of postponing the deduction until it is terminated; *Brooklyn Union Gas Co.*, 22 B. T. A. 507; affirmed on other grounds, 62 Fed. (2d) 505; *Haverty Furniture Co.*, 20 B. T. A. 644; *Uncasville Manufacturing Co.* v. *Commissioner*, 55 Fed. (2d) 893; certiorari denied, 286 U. S. 545; *Floyd, Inc.*, 43 B. T. A. 101; *Red Wing Potteries, Inc.*, supra; *Rawlings Manufacturing Co.*, 44 B. T. A. 161; and that the duties now in issue were not treated as a part of the cost of goods sold by petitioner either upon its books or in its returns.

Petitioner recognizes the soundness of most of the principles referred to above, but contends that they are not applicable. It argues that it has consistently treated duties as a business expense rather than as taxes and insists—as stated in its brief—"the law pertaining to the accrual of business expenses is applicable and not the law pertaining to the accrual of taxes." The important distinction, as exemplified in the cases cited by petitioner—*New Process Cork Co.*, 3 B. T. A. 1339; *Bump Confectionery Co.*, 4 B. T. A. 50; *Thorne, Neal & Co.*, 13 B. T. A. 490; *North American Coal Corporation*, 28 B. T. A. 807; *Lepman Bros. Co.*, 45 B. T. A. 793—is that a deduction may be taken for business expenses, by one on an accrual basis, only in the year "when the liability is finally determined or admitted." This is but an application of the rationale of *Lucas* v. *American Code Co.*, 280 U. S. 445, and kindred cases. The pendency of litigation to determine the amount of taxes to be paid, however, does not authorize a taxpayer to refrain from accruing them as a liability. *Price* v. *United States*, 269 U. S. 492; *United States* v. *Anderson*, supra; *Floyd, Inc.*, supra.

It is doubtful whether the regulation has the effect petitioner attributes to it. Petitioner is seeking to deduct taxes which, under well

established principles, accrued in the years 1929 and 1930. The regulation does not purport to give a taxpayer the right to postpone such deduction until a later year. It merely recognizes that some may see fit to treat excise taxes as expenses of the business or as additional costs of the merchandise and provides that if they are so treated they may not be deducted as taxes. It was enacted primarily for the purpose of preventing duplication of deduction. Bookkeeping entries, however, can not change the character of an expense. Duties remain such regardless of how they are treated upon a taxpayer's books.

Section 23 (a) of the Revenue Act of 1936 provides that in computing net income there shall be allowed as deductions "all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." Section 23 (c) permits the deduction of "taxes paid or accrued within the taxable year." Section 43 provides that the period for which deductions shall be taken is the taxable year in which they are "paid or accrued" or "paid or incurred" depending upon the method of accounting upon the basis of which the net income is computed, unless in order clearly to reflect the income the deduction should be taken as of a different period. The petitioner keeps its books and reports its income upon the accrual basis and it is not contended that this method does not clearly reflect its income.

The amount here in issue was not "paid or incurred" in the taxable year 1936. The liability to make payment was incurred in the years 1929 and 1930 when the merchandise was imported. It was paid after assessment in 1935. Only by an artifice of bookkeeping was it transferred on petitioner's books to an asset account as of December 31, 1935, and carried until December 31, 1936, when it was charged to profit and loss. In our judgment it is not deductible in 1936 under section 23 (a) as ordinary and necessary expenses paid or incurred in that year.

But even if we are wrong in concluding that the regulation does not give petitioner the right to deduct in 1936, as ordinary and necessary business expenses, the additional duties paid in 1935, petitioner, in any event, could not prevail upon the present record. Its consistent practice has been (in the language of its accountant) "to treat duties as a part of the cost of merchandise purchased"—to "include custom duties as a part of the cost of goods sold on the books of account." For aught appearing in this record all of the goods purchased in 1929 and 1930 had been sold prior to 1936. A clear distortion of income would result if, in the year 1936, petitioner were permitted to deduct, as a part of the cost of the goods sold in that year, the duties actually accruing, the ordinary and necessary expenses of the business, *and* $11,181.55 of duties which should have been deducted in earlier years.

Petitioner's contention that its liability for the additional duties was contingent until termination of the litigation is clearly unsound. The liability to pay *all* duties accrued on arrival of the importing vessel within a customs port with intent to unlade. The reappraisement action did not go to the question of when the duties were imposed but only to the value of the merchandise for the purposes of the appraisement. It determined only the amount to be paid.

Petitioner places considerable reliance upon a ruling of the Department [3] allowing a taxpayer to deduct, as a business expense, additional sales taxes paid, in 1939, out of its own funds, which it should have collected from its vendees in earlier years. The ruling does not rise to the dignity of an administrative interpretation of an ambiguous statute nor is it a regulation of long standing. It does not have the force or effect of a Treasury decision and does not commit the Department to any interpretation of the law. (See cautionary notice on first page of bulletin.) The facts upon which it is based are clearly distinguishable from those now before us. The company seeking the ruling was "liable only as collecting agent for New York City." Petitioner, however, was primarily liable for the additional duties.

In our opinion the Commissioner did not err in denying the claimed deduction. Since this is the only adjustment contested the deficiency must be approved.

*Decision will be entered for the respondent.*

