Keller-Dorian Corporation v. Commissioner.
Keller-Dorian Corp. v. Commissioner
Docket No. 3769.
United States Tax Court
1945 Tax Ct. Memo LEXIS 178; 4 T.C.M. (CCH) 558; T.C.M. (RIA) 45187; June 1, 1945
*178 In years prior to 1941 and 1942 petitioner imported merchandise into the United States and paid customs duties thereon in the years of importation on the basis of values approved by the customs authorities. In 1941 and 1942 petitioner, at the direction of the customs authorities, reappraised such merchandise and paid additional duties shown by the reappraisals to be due thereon. The amounts of the additional duties were accrued and paid by petitioner in the years 1941 and 1942 as business expenses and deducted as such in its income tax returns for those years. Respondent disallowed the deductions on the ground that the additional customs duties were not accruable in the years designated but in the prior years of the importations to which they pertained. Deficiencies in income tax were determined on the basis of such disallowance. Held, that customs duties are taxes regardless of how they are treated in accounting practice and that as such they are accruable in the years of the importations of the merchandise to which they pertain unless all events had not transpired within such years to fix liability therefor. Held, further, since the facts of record do not disclose that all such *179 events had not so transpired, that respondent's determination should be sustained. Richard W. Wilson, for the petitioner. Laurence F. Casey, for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: This proceeding involves income and excess-profits taxes as follows: Excess-
Fiscal Year Ended
Income Tax
Profits Tax
January 31, 1941
$ 434.54
$541.94
January 31, 1942
1,246.46
246.94
Petitioner's tax returns for these years were filed with the collector of internal revenue for the third district of New York. The determinative question is whether certain additional customs *180 duties paid in the taxable years above designated, but pertaining to the importation of merchandise prior to such years, are accruable and deductible for income tax purposes in the years here involved. Findings of Fact The facts are all stipulated and are as follows: The petitioner is a corporation duly organized under the laws of the State of New York, with its principal office at 516 West 34th Street, New York, New York. The petitioner is now, and for many years has been engaged in the business of importation and sales of merchandise. Its books, records and tax returns have been, and now are, kept and prepared on the accrual basis, and its fiscal year ended on January 31st. In conjunction with its business of importing, the petitioner paid customs duties on merchandise and treated the duty payments thus made to the United States Customs Authorities as part of its merchandise costs, rather than as a tax deduction, both in its books of account and in the preparation of its tax returns. This statement does not apply to the additional customs duties paid during the fiscal years ended January 31, 1941 and January 31, 1942, respectively, and hereinafter described. During the *181 fiscal years ended January 31, 1936 to January 31, 1940, both inclusive, the petitioner paid customs duties to the United States on its imports of merchandise on the basis of values duly approved by the United States Customs Authorities, and such payments were accepted by the customs authorities and the merchandise released. Pursuant to instructions received in 1940 from the United States Customs Authorities, the petitioner made reappraisals of its imports for the period August 23, 1935 to April 2, 1937, and as a result of such reappraisals the petitioner, during the fiscal year ended January 31, 1941, accrued on its books of account and duly paid to the customs authorities additional duties totaling $2,269.93. Pursuant to instructions received in 1941 from the United States Customs Authorities, the petitioner made reappraisals of its imports for the period April 3, 1937 to January 31, 1939, and as a result of such reappraisals the petitioner, during the fiscal year ended January 31, 1942, accrued on its books of account and duly paid to the customs authorities additional duties totaling $5,425.42. In its income tax return for the fiscal year ended January 31, 1941, petitioner *182 claimed the additional customs duties in the amount of $2,269.03, which it accrued and paid during that year, as a business expense deduction from its gross income. In its income tax return for the fiscal year ended January 31, 1942, the petitioner claimed the additional customs duties in the amount of $5,425.42, which it accrued and paid during that year, as a business expense deduction from its gross income. The respondent disallowed the deductions of $2,269.03 and $5,425.42, respectively, in their entirety. The income tax returns of petitioner for the fiscal years ended January 31, 1936 to January 31, 1939, inclusive, were timely filed and the petitioner did not thereafter execute any waivers or other agreements providing for extensions of time within which the respondent might assess additional taxes determined by him to be due for the taxable periods, or any of them. Opinion The determinative question is whether petitioner properly accrued and deducted in thetaxable years before us the additional customs duties paid by it during such years and set forth in our findings of fact. Petitioner claims that these payments are business expenses which accrued in the taxable years *183 here involved and it deducted them accordingly. Petitioner has consistently treated duty payments made at the time of importation as part of the cost of merchandise, and has not deducted them as taxes. Petitioner argues that its liability to make these additional payments of import duties was not fixed nor the amount ascertainable until the years in question and that therefore it could not have lawfully deducted them in the earlier years of importations to which such additional duties apolied, citing Dixie Pine Products Co. v. Commissioner, 320 U.S. 516 and Security Flour Mills v. Commissioner, 321 U.S. 281. Petitioner also points to section 43 of the Internal Revenue Code[1] as authority for its position that these deductions should be taken in the years involved in order to clearly reflect its income and states that to sustain respondent would compel the impossible. Respondent relies upon the case of Guy T. Gibson, Inc., 46 B.T.A. 1015, and says that the liability for the additional customs duties accrued at the time the merchandise involved was imported.
*184 Whether import duties are treated on petitioner's books as cost of merchandise or as taxes is immaterial. No matter how they are labeled the fact remains that customs duties are taxes. They must be treated for income tax purposes in exactly the same manner as any other tax. The benefits which petitioner seeks to imply from section 43, supra, have been answered contrary to its contention by the Supreme Court in Security Flour Mills v. Commissionr, supra.[2] Nor do we think that the case of Dixie Pine Products Co. v. Commissioner, supra, is authority for the balance of petitioner's argument. Those decisions appear to turn more on the question of the events fixing the liability rather than events fixing the amount of tax sought to be accrued. In Dixie Pine Products Co., the court had before it the question of the taxpayer's right to accrue gasoline taxes where its liability was in dispute. The state authorities had assessed a gasoline tax against Dixie Pine Products Co., which had brought proceedings in the state courts to enjoin the collection thereof. While this litigation was still pending, and its liability for the tax so assessed was being vigorously *185 disputed, nevertheless, at the close of its fiscal year, the taxpayer accrued the tax so assessed and deducted it from gross income. The Commissioner disallowed the deduction and was sustained by the Board of Tax Appeals, the Circuit Court of Appeals and the Supreme Court. The Supreme Court said: * * * It has been held that, in order truly to reflect the income of a given year, all the events must occur in that year which fix the amount and the fact of the taxpayer's liability, * * * and this cannot be the case where the liability is contingent and is contested * * *. (Italics supplied.) In Security Flour Mills v. Commissioner, supra, the court reaffirmed the principle established in the Dixie Pine Products Co. case, saying: It is settled by many decisions that a taxpayer may not accrue an expense the amount of which is unsettled or the liability for which is contingent and this principle is fully applicable *186 to a tax, liability for which the taxpayer denies, and the payment whereof he is contesting. * * * (Italics supplied.) Thus, in each case the Supreme Court stressed the fact that the taxpayer was contesting its liability and at the same time deducting the amount thereof from gross income on the theory that its liability had become fixed. Here, petitioner was on an accrual basis of accounting. It appears to be well established that the liability for import duties accrues when the merchandise arrives in the United States port. United States v. Sandoz Chemical Works, 14 C.C.P.A. 21. The additional customs duties here involved pertain to merchandise imported during the fiscal years ended January 31, 1936 through January 31, 1940. Such additional customs duties would therefore be accruable in the years of the importations to which they pertain unless all events had not transpired within such years to fix the liability of petitioner therefor. The facts of record do not disclose that all such events had not so transpired. The burden was on petitioner to support its contention by evidence that all such events had not so transpired. It has failed to do so. It does not appear *187 that petitioner disputed or questioned its liability to pay the additional duties or that the ascertainment of the amounts thereof in the years of importations was precluded by contingencies affecting such liability. On the other hand, it appears that petitioner promptly paid the additional duties shown by the reappraisals to be due. The facts of record, without more, might reasonably be construed as indicating that the purpose and effect of the reappraisals of the dutiable merchandise were to correct errors in the original computation of the duties due and payable in the years of importations. We therefore, sustain the determination of respondent that the liability for the additional customs duties in question was not accruable in petitioner's taxable years before us and that the deductions therefor in such years were not allowable. See Burton-Sutton Oil Company, 3 T.C. 1187, 1196; Oregon Pulp & Paper Co., 47 B.T.A. 772, and cases there cited. Decision will be entered for the respondent. Footnotes
1. SEC. 43. PERIOD FOR WHICH DEDUCTIONS AND CREDITS TAKEN. The deductions and credits (other than the corporation dividends paid credit provided in section 27) provided for in this chapter shall be taken for the taxable year in which "paid or accrued" or "Paid or incurred," dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period. * * *↩
2. However, even if the benefits of that section were available to petitioner it does not appear that petitioner attempted to follow the formula suggested in the regulations. Reg. 111. Sec. 29.43-1. Cf. Your Health Club, Inc., 4 T.C. 385↩.