**MOHAWK LIQUEUR CORPORATION,**
**Plaintiff-Appellee,**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 15006.

United States Court of Appeals
Sixth Circuit.

Oct. 21, 1963.

Rehearing Denied Dec. 2, 1963.

242

Thomas A. Skornia, Dept. of Justice, Washington, D. C., for appellant, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Karl Schmeidler, Attys., Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Robert F. Ritzenhein, Asst. U. S. Atty., Detroit, Mich., on brief.

Fred R. Walker, Detroit, Mich., for appellee.

Before CECIL, Chief Judge, WEICK, Circuit Judge, and TAYLOR, District Judge.

WEICK, Circuit Judge.

The action in the District Court was to recover income and excess profits taxes alleged to have been overpaid for the fiscal years ended September 30, 1943, September 30, 1944 and June 30, 1951 in the amount of $83,691.45 including accrued interest.

The legal question involved was whether taxpayer, a manufacturer of alcoholic beverages, in computing its income, may deduct, as an ordinary and necessary business expense, floor stocks taxes imposed on its distilled spirits on hand instead of adding such taxes to the cost of its inventory in accordance with its previous practice.

The District Court ruled in favor of taxpayer permitting the floor stocks taxes to be expensed and the Government appealed.

Taxpayer, with the approval of the Commissioner of Internal Revenue, had elected to inventory its distilled spirits and finished products on the Lifo (last-in-first-out) method. Its original inventory was computed at cost as of October 1, 1942, the commencement of its fiscal year. At that time the excise tax on distilled spirits was $4.00 per proof gallon which taxpayer had paid and included in its inventory as part of the cost of its distilled spirits.

Effective November 1, 1942 Congress increased the excise tax on distilled spirits from $4.00 per proof gallon to $6.00 per proof gallon. This tax was imposed on distilled spirits on distillation or removal from bond on which no previous excise tax had been paid. In order to reach distilled spirits on hand which had been subject to the lower excise tax, Congress enacted a floor stocks tax of $2.00 per proof gallon. This applied to spirits in taxpayer's opening inventory. The purpose of the floor stocks tax was to equalize the tax on all distilled spirits so that the increased tax would be included in the price of all spirits sold after the date of the tax increase.

In 1944, the excise tax on distilled spirits was increased by the amount of $3.00

per proof gallon and again in 1951 by $1.50 per proof gallon. In said years floor stocks taxes were also imposed in the respective amounts of $3.00 and $1.50 per proof gallon on stocks of distilled spirits on hand. Floor stocks taxes are included in the general classification of excise taxes. The parties to this case in their briefs, however, used the term "floor stocks taxes" when considering them and "excise taxes" when referring to taxes other than floor stocks taxes.

Taxpayer's Lifo beginning inventory in 1942 contained both excise taxes on distilled spirits and floor stocks taxes which had been included as part of the cost of goods on hand. The floor stocks taxes imposed thereafter in 1942, 1944 and 1951 were paid by taxpayer and the amounts thereof were not added to the ending inventories in those years, but treated as ordinary business expenses. The Commissioner disallowed the deductions and added the floor stocks taxes to taxpayer's closing inventory in the applicable tax years.

Excise taxes imposed in 1942 and thereafter were treated by taxpayer as a cost to be included in inventory produced or obtained after the effective date of such taxes.

The tax consequences of taxpayer's treatment of the floor stocks taxes were that it had a deduction from income for the full amount thereof and by not adding the amount of such taxes to its closing inventory for the year on which the taxes were increased, the inventory did not reflect the tax increase. The effect of this was to increase taxpayer's cost of goods sold thereby decreasing its profits subject to income taxes.

It is the contention of taxpayer that the beginning inventory in the Lifo method must be fixed at cost and once established is frozen and cannot be changed.[1] Cost is defined in the regulations.[2] Taxpayer contends that the action of the Commissioner in adding the floor stocks taxes to its closing inventory as part of the cost of goods was unauthorized.

The taxes in this case comprise a large portion of the cost of the distilled spirits and of their selling price. The floor stocks taxes were imposed on the amount of distilled spirits on hand and relate directly to them.

The general purpose of the enactment of the statute providing for the

1. "(d) *Method of inventorying goods.* (1) A taxpayer may use the following method (whether or not such method has been prescribed under subsection (c)) in inventorying goods specified in the application required under paragraph (2):

"(A) Inventory them at cost;

"(B) Treat those remaining on hand at the close of the taxable year as being: First, those included in the opening inventory of the taxable year (in the order of acquisition) to the extent thereof, and second, those acquired in the taxable year; and

"(C) Treat those included in the opening inventory of the taxable year in which such method is first used as having been acquired at the same time and determine their cost by the average cost method."

&ast; &ast; &ast; &ast; &ast;

"(3) The change to, and the use of, such method shall be in accordance with such regulations as the Commissioner, with the approval of the Secretary, may prescribe as necessary in order that the use of such method may clearly reflect income.

"(4) In determining income for the taxable year preceding the taxable year for which such method is first used, the closing inventory of such preceding year of the goods specified in such application shall be at cost." [Section 22(d), Internal Revenue Code of 1939; 26 U.S.C.; 1952 ed., Section 22(d)]

2. "Sec. 29.22(c)–3. *Inventories at Cost.* —Cost means:

"(1) In the case of merchandise on hand at the beginning of the taxable year, the inventory price of such goods."

&ast; &ast; &ast; &ast; &ast;

"(3) In the case of merchandise produced by the taxpayer since the beginning of the taxable year, (a) the cost of raw materials and supplies entering into or consumed in connection with the product, (b) expenditures for direct labor, (c) indirect expenses incident to and necessary for the production of the particular article, including in such indirect expenses a reasonable proportion of management expenses, but not including any cost of selling or return on capital, whether by way of interest or profit."

Lifo method was to afford relief against inventory profits in a rising market. R. H. Macy & Co. v. United States, 255 F.2d 884 (C.A. 2). We find nothing in the legislative history reflecting on the issue here involved.

As we see it, we are not concerned with whatever right the taxpayer had initially to expense excise taxes or add them to its inventory.

Section 23 of the Internal Revenue Code of 1939 authorized their deduction as ordinary and necessary business expenses.

The regulations permit the inclusion of excise taxes as part of the cost of an inventory. Section 29.23(C)–2 of Treasury Regulations 111.

Accounting principles recognize the addition of excise taxes to the cost of inventory. Patton & Dixon, Essentials of Accounting (1958), p. 253; Wixon, Accountants Handbook, pp. 5, 6, 33–35.

In 2 Mertens, Law of Federal Income Taxation (Rev. ed. 1961) § 16.17, the author states: "Customs duties and excise taxes may at the option of the taxpayer be deducted from gross income as business expenses or added to the cost of the goods."

Specifically, our problem is whether taxpayer, having included excise and floor stocks taxes in his opening Lifo inventory, may depart from this practice and expense the floor stocks taxes imposed in the subsequent years.

■ Consistency is required in inventory practices from year to year. Once a taxpayer has treated floor stocks taxes as part of the cost of merchandise purchased he may not deviate from this practice in subsequent years. Guy T. Gibson, Inc. v. Commissioner, 46 B.T.A. 1015; Bobrow Bros., Inc. v. Commissioner, 135 F.2d 209 (C.A. 3); Treasury Reg. 29.22 (C 1–2) promulgated under Internal Revenue Code of 1939; 2 Mertens, Law of Federal Income Taxes § 16.06.

■ Conceding that under the Lifo method the costs of a beginning inventory are frozen, we do not see how this affects the manner in which costs subse-

quently incurred should be treated in the closing inventory. If such costs are properly attributable to the goods on hand they ought to be reflected in the closing inventory irrespective of whether Lifo, Fifo or any other method is used. Under Lifo, however, the cost of the beginning inventory for the subsequent year must be taken from the closing inventory of the previous year.

The Commissioner is not without power to compel consistency in inventory practices. We think Section 22(c) of the Internal Revenue Code of 1939 confers power upon him to conform any inventory to the best accounting practice which most clearly reflects income.

In our judgment, it was not unreasonable for the Commissioner to do so in the present case.

The judgment of the District Court is reversed and the cause is remanded with instructions to dismiss the complaint.